**Judy L. WALKER, Plaintiff—Appellant,**

**v.**

**LONG–TERM DISABILITY PLAN OF SPONSOR TRI–VALLEY GROWERS; Tri–Valley Growers, a business entity dba Sponsor and Administrator of the Long–Term Disability; Unum Life Insurance Company of America, a business entity and doing business in California, as de facto Administrator of the Plan, Defendants—Appellees.**

No. 02–15728.

D.C. No. CV–00–02468–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2003.

Submission withdrawn March 13, 2003.

Resubmitted Dec. 10, 2003.*

Decided Dec. 12, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Bennett Hellen, Law Offices of Howard Bennett Hellen, Vista, CA, for Plaintiffs–Appellants.

Edwin A. Oster, Esq., Jenny H. Wang, Barger & Wolen LLP, Irvine, CA, for Defendant–Appellee.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

Judy Walker appeals the district court's grant of summary judgment to defendants ("UNUM") in this ERISA action. As the parties are familiar with the facts, we recount them here only as necessary to explain our decision.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.
1. The 1986 plan issued by Northwestern National Life Insurance Co. ("1986 Plan") contains no language conferring discretion to interpret the plan. In a May 25, 2000, letter

■ 1. There is no "treating physician rule" in ERISA disability cases, although "[p]lan administrators ... may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct. 1965, 1972, 155 L.Ed.2d 1034 (2003); *see also Jebian v. Hewlett–Packard Co.,* 349 F.3d 1098 (9th Cir.2003). Hence, UNUM did not deny Walker a "full and fair review," 29 U.S.C. § 1133(2), of her eligibility for benefits simply by failing to defer to her treating physician's views.

■ 2. District courts are to review an ERISA plan administrator's benefits determination for abuse of discretion only if the operative plan endowed the administrator with such discretion; otherwise, review is *de novo. Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The 1997 UNUM-issued plan ("1997 Plan"), which was in effect when UNUM terminated Walker's benefits, stated, in pertinent part, "UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." This unambiguous language would entitle UNUM to abuse of discretion review, absent a conflict of interest. *See Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1089–1090 (9th Cir.1999) (en banc).[1]

We sought supplemental briefing on the relevance of *Jebian* to the standard of review question. We conclude that, even if the 1997 Plan controlled, UNUM would have lost its entitlement to deferential review through its substantial failure to comply with the deadlines for internal review specified in the plan and applicable regulations. *See* 29 C.F.R. § 2650.503–1 (1998).[2]

UNUM stated that the 1986 Plan governs Walker's claim. We need not determine the import of this determination on the resolution of this case, as even under the 1997 Plan *de novo* review is appropriate.

2. This regulation was amended in 2000, with the amendments applicable to claims filed on

In *Jebian,* we held that "where, according to plan and regulatory language, a claim is 'deemed ... denied' on review after the expiration of a given time period, there is no opportunity for the exercise of discretion and the denial is usually to be reviewed *de novo.*" 349 F.3d at ——. While *Jebian* requires only "substantial compliance" with these deadlines where a plan administrator is engaged in a "meaningful dialogue" with the claimant to investigate her claim, 349 F.3d at ——, here UNUM did not even approximately comply with the applicable timetables, nor was it engaged in any dialogue at all with Walker, meaningful or insipid, in the 120 days after she filed her administrative appeal. The record indicates that after Walker timely appealed on February 19, 1999, UNUM took *no* action, beyond acknowledging receipt of the appeal, until June 19, 1999, more than 120 days after the appeal. Under *Jebian,* therefore, UNUM lost its entitlement to deferential review.

3. Walker asks us to adopt the Seventh Circuit's "penumbra of ... judicial estoppel" doctrine where an ERISA plan administrator has supported a claimant's application for Social Security benefits but later asserts she is no longer disabled. *See Ladd v. ITT Corp.,* 148 F.3d 753, 756 (7th Cir.1998). Walker failed to raise any claim regarding the Social Security proceedings before the district court, however, and so has waived this argument.

4. Walker offers the declarations of two physicians who examined her after UNUM's final decision to terminate benefits. The district court found that it could not consider evidence outside of UNUM's administrative record on abuse-of-discre-

tion review. Since *de novo* review applies, however, the district court must now exercise its discretion and decide whether to consider the new evidence. *Kearney,* 175 F.3d at 1095 (citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938 (9th Cir.1995)). Accordingly, we remand to the district court for *de novo* review under the procedure outlined in *Kearney,* 175 F.3d at 1094–95.

VACATED and REMANDED.

---

or after January 1, 2002. Therefore, the prior version controls Walker's claim. *See Jebian,* 349 F.3d at —— n. 5.

